The Prisoners were Indicted for Feloniously taking certain Goods the property of Persons unknown.
Upon the Evidence the Case appeared to be that a Ship was Stranded in Chesapeak Bay near the Shore which is in Princess Ann County The Prisoners went on board and took the Goods mentioned in the Indictm’t which it was supposed belonged to some Persons that were lost
For the Prisoners it was insisted 1. That this Offence was committed on the Sea and so triable in the Admiralty 2. That these Goods were Wreck And Felony could not be committed of them 3. No property was proved in the Goods To which it was answered
1. The question is whether the place where this Ship was run aground can be taken as part of the body of the County
(43)
This is a new question in this part of the World In England I take it It would be clearly within the County
4. Inst. 240.
By several Statutes in England the Jurisdiction of the Admiralty is restrained and is confined to the main Sea or Coasts of the Sea not within the body of any County.
By 15. R. 2. 3. Admiral hath no Jurisdiction of any Contract Plea or Quarrel done within the bodies of the Counties either by Land or Water Except of the Death of a Man or Maihem in great Ships hovering in the great Stream beneath the points of the Rivers
By 27. Eliz. 11. (No such Act now in force or print) giving the Admiralty cognizance of Offences Done on the main Sea or Coasts of the Sea being no part of the body of any County
1 If it be within the County so that a Civil Action will lie a fortiori it ought to be so for criminal matters It is for the safety and benefit of the Subject
2. H. 4. restrains from Suing in Admiralty where Comon Law has Cognizance & gives double Damages
In Anno. 6. H. 6. Action brought on this Statute for Suing in Admiralty for Trespass taking 3 Ships lying in Bristol Haven and Judgm’t for Pit.
Anno. 12. H. C. a like Action for Suing in Admiralty for *B91 Trespass in entering Ships and carrying away Goods in the Haven of Yarmouth in Norfolk
The Thames at Billingsgate Infra corpus Com.
Replevin for taking a Ship in the Coast of Scarboroug good
No part-of the Sea where you may see from one Land to the other
It is safest for the Subject to restrain the Admirals Jurisdiction for if [86] the Defts. are tried upon the 11. & 12. W. 3. cannot have Clergy.
This neither upon the Main Sea nor upon the Coasts of it And so must be within the body of some County. It is so near the Shore that the County may easily have knowledge of the Fact and in all such Cases in England the Water is taken to be within the County
2. It is certain Felony cannot be committed of Goods wreck’d till after Seizure The reason is because there must be a property in some prson of Goods stolen to Constitute a Felony tho it be not necessary to prove the true proprietor Upon the same reason no Felony can be committed of Waifs or Strays
It is clear then this must be understood of Goods so Wreck’d that they become forfeited either to the King or some other by virtue of the King’s Grant
By the Common Law wherever a Ship was wreck’d or cast away and the Goods cast ashore They became forfeited to the King But this was thought extream hard and seemed to be adding misery to the unfortunate and therefore to alleviate the matter a little so long as E. 1. time By the Statute Westm. 1. cap. It is provided that if a Man Dog or Cat escape alive it shall not be deemed a Wreck nor the Goods forfeited but they are to be secured by the Coroner Sherif &c.
This last indulgence is enlarged by the 12. Ann. Cap. for even after the year the Goods or produce are to be returned to the Exchequer and delivered to the Owner upon Affidavit before a Baron
So that Goods in such Case do not come under the Denomination of Wreck in Judgment of Law tho’ they may be called so in common conversation The property remains still in the Owners and is not forfeited And therefore the reason upon which the Law is founded that Felony cannot be committed of a Wreck does not hold
*B92 But here the Goods were not thrown ashore the People were endeavouring to save them and the Prisoners did go abroad and rob them
3. Indictment good Cujusdam ignoti Hawk. 94. 29. Dalt. cap. 156. Dy. 99. pl. 61. 1. Hales P. C. 512. So for Murder cujusdam ignoti 2. Hales 181. The g.oods in such case belong to the King The Law will sometimes feign a property rather than suffer a Criminal to escape as for robbing a Church in Vacation Indictment may be Bond Capellse in the custody of such a one So Bona Domus & Ecclesia
But here the Master has a kind of special property which answers 8. Mod. 146. for there it might be the Goods were the Accused’s but here it is otherwise
The Court gave Judgment upon the 2d point only viz. that the Goods were Wreck and Felony could not be committed of them And so the prisoners were acquitted
[87] In the Court of Oyer & Terminer following, one Cross was Indicted for Horse stealing And upon the Evidence it appeared the Horse belonged to one Buckner in Gloucester and had stray’d into Prince W’m where he was taken up by one Earl and kept on his plantation 3 or 4 Months From whence the Prisoner took him apparently with a Felonious intent having offered to sell him Earl had published notices at the Churches as the Act of Assembly directs
The Court started a doubt that this Horse being a Stray as they termed it Felony could not be comitted by taking it To which it was answered
A Stray is defined to be a Beast found wand’ring about the fields whose Owner is unknown ■ Pecus quod elapsum a custode campos percvial [sic] ignoto Domino. Spelman in Veri. Terms of the Law
By the Law of England Strays were originally in the Crown tho they are now generally in the hands of Subjects by Grant or Prescription as Lords of Manns &c. When a Stray is found and seized by the Lord He is to brake Proch. at the 2 next Market Towns 3 several days and if the Owner does not appear within a year & day It is forfeited to the Lord By a Stray here we mean much the same thing as in England By the 4. Ann. 13. It seems as if any person may take up a Stray The taker up is to set up notice at the Church and Court House And if the Owner does not appear in a year the Stray is to be valued The *B93 property is vested in the Taker up but he is answerable for the value to the Owner
It is the Current of our Books that a man cannot commit Felony of Wreck Treasure Trove Waif Stray or such like Which however ought to be understood under some restrictions
For I take it the rule only holds while the Beast is actually wand’ring or at large And that after Seizure by the Lord Felony may be committed of such a Beast as well as any other Dalton and Plawkins in Speaking of this matter are both express that Felony cannot be committed before Seizure Dalt. Just. 373. 1. Hawk. 94. Sr. E. Coke and Sr. M. Hale both intimate the same If any find Treasure Trove Waif or Stray and convert them it is no Larceny says Sr. E. Coke 3. Inst. 108. Sr. M. Hale puts the Case of a Man’s finding a purse in the Highway which no circumstance can make Felony he says And then adds the like in taking of a Wreck Treasure Trove a Waif or Stray 1. Hale 506. Which passages I think plainly shew that these authors mean a Taking before Seizure
Nay Sr. M. Hale adds that the Party taking them must really believe them to be such at the time for otherwise says he Every Felon would cover his Felony with that pretence Ibid.
[88] So if a Horse strays into a Neighbour’s Ground or Common it will be Felony to take him Ibid.
Thus even before Seizure under some Circumstances Felony may be committed of a Beast that is a Stray
Then the inconvenience in this Country will be very great if when a Horse gets out of his Owner’s Inclosure and happens to be taken up for a Stray He may be stolen with impunity
But the Court were of Opinion that it was no Felony And so the Prisoner was acquitted.
There was I think only 6 Judges ag’t 5